**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**COLUMBIA DIVISION**

| | |
|---|---|
| SHARON FIELDS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:10-2136-MJP-JRM |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| COLTEC INDUSTRIES, INC., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff, Sharon Fields ("Fields"), filed this action on August 16, 2010, alleging a claim for retaliation in violation of Title VII and the Age Discrimination in Employment Act ("ADEA"). The original Defendant was Garlock Sealing Technologies, LLC ("Garlock"). Before answering, Garlock filed a Notice of Suggestion of Bankruptcy on September 28, 2010, indicating that it had filed a Chapter 11 voluntary petition in the United States Bankruptcy Court for the Western District of North Carolina. Garlock also filed answers to interrogatories and a Rule 7.1 disclosure statement indicating that it was a wholly owned subsidiary of Coltec Industries, Inc. ("Coltec"), which in turn is wholly owned by En Pro Industries, Inc. Thereafter, on December 8, 2010, Fields filed an Amended Complaint deleting Garlock and naming Coltec as Defendant. Coltec filed a motion to dismiss the Complaint on December 28, 2010. Fields filed an opposition memorandum on January 14, 2011, and Coltec filed a reply brief on January 21, 2011.

Coltec moves pursuant to Rule 12(b)(6), Fed.R.Civ.P., that the "Amended Complaint be dismissed in its entirety and with prejudice because the Amended Complaint fails to state a claim

1

upon which relief may be granted." (Def.Motion, p. 1). Coltec offers two arguments:[1] (1) the Amended Complaint is untimely because it was not filed within 90 days after receipt of the right to sue letter; and (2) the Amended Complaint fails to allege that Fields engaged in a protected activity. Fields argues that the Amended Complaint is timely under the relation back provisions of Rule 15(c), Fed.R.Civ.P., and that she sufficiently pled that she had engaged in protected activity.

### Standard for Motion to Dismiss

The Federal Rules of Civil Procedure require that a pleader provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted...." Fed.R.Civ.P. 12(b)(6).

The required "short and plain statement" must provide " 'fair notice of what the ... claim is and the grounds upon which it rests.' " Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), *overruled on other grounds*, Twombly, 127 S.Ct. at 1969)); *see also* Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir.2007). Additionally, the showing of an "entitlement to relief" amounts to "more than labels and conclusions...." Twombly, 127 S.Ct. at 1965. It is now settled that "a formulaic recitation of the elements of a cause of action will not do." Id. The complaint need not, however, "make a case" against a defendant or even "forecast evidence sufficient to prove an element" of the claim. Chao v. Rivendell Woods, Inc., 415 F.3d 342, 349 (4th Cir.2005) (quoting Iodice v. United States, 289 F.3d 270, 281 (4th Cir.2002)). Instead, the opening pleading need only contain "[f]actual allegations ... [sufficient] to raise a right

---

[1] Coltec makes no argument that it should be dismissed because Garlock, and not Coltec was named in the charge of discrimination.

to relief above the speculative level." Twombly, 127 S.Ct. at 1965. Stated another way, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Id. at 1974.

Application of the Rule 12(b)(6) standard also requires that the court " 'accept as true all of the factual allegations contained in the complaint....' " Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (quoting Twombly, 127 S.Ct. at 1965); *see also* South Carolina Dept. Of Health And Environmental Control v. Commerce and Industry Ins. Co., 372 F.3d 245, 255 (4th Cir.2004) (quoting Franks v. Ross, 313 F.3d 184, 192 (4th Cir.2002)). The court is additionally required to "draw[ ] all reasonable ... inferences from those facts in the plaintiff's favor...." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir.1999).

**Discussion**

**1.  Timeliness of Amended Complaint**

The right to sue notice issued by the Equal Employment Opportunity Commission ("EEOC") on May 27, 2010, advised Fields that she must file her complaint "within 90 days." The original Complaint naming Garlock was filed on August 16, 2010. Coltec does not dispute that the original Complaint was timely. Coltec's sole argument is that the Amended Complaint naming it was not filed within the 90 day period. Coltec's original memorandum does not take into account the provisions of Rule 15(c) argued by Fields. Further, Coltec makes no argument as to the effect of Rule 15(c) in its reply brief.

Rule 15(c), Fed.R.Civ.P. addresses the circumstances under which an amendment is deemed as though it was filed on the date of the original complaint. If this rule applies, the Amended Complaint against Coltec is timely. The rule states:

> (1) When an Amendment Relates Back. An amendment to a pleading

3

>relates back to the date of the original pleading when:
>
>>(A) the law that provides the applicable statute of limitations allows relation back;
>>
>>(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>>
>>(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>>
>>>(i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>>
>>>(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.
>
>(2) Notice to the United States. When the United States or a United States officer or agency is added as a defendant by amendment, the notice requirements of Rule 15(c)(1)(C)(i) and (ii) are satisfied if, during the stated period, process was delivered or mailed to the United States attorney or the United States attorney's designee, to the Attorney General of the United States, or to the officer or agency.

Fields alleges the same conduct in the original Complaint and the Amended Complaint. Therefore, the requirement of Rule 15(c)(1)(B) is satisfied. "(R)elation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading." Krupski v. Costa Crociere S.p.A., __ U.S. __, 130 S.Ct. 2485, 2490 (2010). Further, "notice of a complaint to a wholly owned subsidiary may be attributed to its parent under Rule 15(c)(3) because a parent company is not prejudiced by

4

having amendments naming it relate back to the filing of a complaint against its wholly owned subsidiary." Andrews v. Lakeshore Rehabilitation Hospital, 140 F.3d 1405, 1408 n. 5 (11th Cir. 1998) citing Itel Capital Corp. v. Cups Coal Co., 707 F.2d 1253, 1258 (11th Cir. 1983) and Marks v. Prattco, Inc., 607 F.2d 1153, 1156-1157 (5th Cir. 1979). *See also* Cox v. Ritz-Carlton Hotel Co. of Mexico, 2006 WL 3313773, *6 (D.Md.) (Under Rule 15(c)(1)(C) parent received sufficient notice of pending action upon service of complaint on subsidiary).

Coltec has not argued that it did not have sufficient notice or that it would be "prejudiced in defending on the merits." (Rule 15(c)(1)(C)(i)).

**2. Sufficiency of Allegations of Protected Activity**

Fields alleges the following facts in her amended complaint:

10. Plaintiff was hired on or about January 1997 as an account representative for customer sales and service with Garlock Helicoflex.

11. Plaintiff had an excellent work record and performed her job by meeting or exceeding the company's expectations.

12. Plaintiff is a black female, age 52 at the time of her termination.

13. Plaintiff worked in a department with approximately 10-12 employees.

14. One other employee in Plaintiff's department was a black female approximately age 26 at the time of Plaintiff's termination. All other department employees were white males in their 20's and 30's. Garlock Helicoflex employs over 500 employees, but at the Palmyra facility, less than five are black.

15. Plaintiff complained to Defendant's management about racial slurs to others and negative comments regarding her age by her supervisor. Plaintiff also felt she was being harassed and discriminated against because of her age.

16. On October 30, 2009, Plaintiff went to the EEOC website from her work computer to research the procedures for filing a charge. While the website was still visible on her screen, a supervisor came into her work cubicle and observed the EEOC website on her screen. He gave her a look of disgust and departed.

17. A short time later, Plaintiff printed the information from the EEOC website to a shared printer at another location. As she went to the printer to retrieve the document, she saw it had been retrieved by her supervisor whom she saw looking at it. He handed it to her when she arrived at the printer, giving her a disgusted look and rolling his eyes.

18. On November 23, 2009, Plaintiff was summoned to a meeting with her younger and white supervisor and department manager. Defendant's human resources director, a white female in her 20's, was on the telephone and led the meeting. Plaintiff was told that a fellow employee had overheard a conversation between Plaintiff and another employee about a movie. This employee heard Plaintiff tell the other employee that she would not pay to see the movie because you see that type thing in real life everyday. The human resources director demanded to know what Plaintiff meant by the comment and Plaintiff explained that the movie plot was about things that are frequently in the news and on television. The human resources director again demanded to know what Plaintiff meant by her comment. Plaintiff was frustrated and told the human resources director that she was at a loss to explain further and that she did not understand why her personal conversation with a friend about a movie was a problem.

19. Plaintiff was told to go home indefinitely. Later in the day, Defendant's human resources director called Plaintiff at home and told her to report to work the following morning.

20. On November 24, Plaintiff reported to work as instructed and was again questioned about her comment. When she could give no further explanation, she was given a document entitled "Last Chance Agreement" and told to sign.

21. Plaintiff declined to sign the Agreement stating that she could not sign an agreement admitting to facts which were not true and to harassment she did not commit. Defendant's representatives told Plaintiff that she was insubordinate for not signing and they again told her to go home indefinitely.

22. Defendant's human resources director contacted Plaintiff at home November 25 to discuss signing the Agreement. Plaintiff again said she could not sign an agreement admitting to facts which were not true and to harassment she did not commit. Plaintiff was told at that point that she would receive something in the mail.

23. Defendant sent Plaintiff a letter dated November 30 terminating her employment effective November 25 for false and pretexual reasons.

Coltec argues that these facts are insufficient to allege retaliation pursuant to Title VII or the ADEA under their opposition clauses or participation clauses.

Title VII prohibits retaliation against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter. 42 U.S.C. § 2000e-3(a). "This provision has two parts: the opposition clause and the participation clause." Glover v. South Carolina Law Enforcement Division, 170 F.3d 411, 413 (4th Cir. 1999). Coltec argues that Fields' allegation that she "(c)omplained to Defendant's management about racial slurs and negative comments regarding her age by her supervisor" (Amended Complaint, ¶ 15), is insufficient to allege a protected activity under the opposition clause and that her allegation that her supervisor observed her viewing the EEOC web site and downloading information from that site (Amended Complaint, ¶ 16 and 17) does not allege a protected activity under the participation clause.

The parties appear to agree that Fields' allegation in ¶ 15 of the Amended Complaint presents a claim under the opposition clause. The undersigned finds that it is sufficient to withstand Coltec's motion to dismiss. Twombly, *supra* and Ashcroft v. Iqbal, __ U.S.__, 129 S.Ct. 1937 (2009). "Twombly and Iqbal do not require that the complaint include all facts necessary to carry the plaintiff's burden." al-Kidd v. Ashcroft, 580 F.3d 949, 977 (9th Cir. 2009). As stated above, in order to survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim for relief that is plausible on its face'". Iqbal, 129 S.Ct. at 1949 quoting Twombly, 127 S.Ct. at 1974. A plaintiff must "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief.'" Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) quoting Twombly, 127 S.Ct. at 1955. Although ¶ 15 could be more factually detailed, it is non conclusory. Fields alleges that she complained to Coltec management

7

about racial slurs in the workplace and negative comments about her age by her supervisor and that after making these complaints, she was terminated.

Fields' remaining allegations are discussed under the participation clause. Coltec argues that Fields' seeking and obtaining information from the EEOC website is not a protected activity under the participation clause. "Activities that constitute participation are outlined in the statute: (1) making a charge; (2) testifying; (3) assisting; or participating in any manner in an investigation, proceeding, or hearing under Title VII." Laughlin v. Metropolitan Airports Authority, 149 F.3d 253, 259 (4th Cir. 1998). In Laughlin the court held that plaintiff's surreptitious copying of documents of the defendant and sending the copies to a friend who had been terminated was not a protected activity because "(t)here was quite simply no ongoing 'investigation, proceeding or hearing' in which [plaintiff] could participate at the time she discovered the documents on her boss's desk." *Id., see* also Miller v. Washington Workplace, Inc., 298 F.Supp.2d 364, 376 (E.D.Va. 2004) (plaintiff's claim that she was terminated after asking for a copy of the defendant's sexual harassment policy because no investigation or proceeding pending at the time.) and Cuffee v. Tidewater Community College, 409 F.Supp.2d 709, 720 (E.D.Va. 2006) *aff'd* 194 F.App'x. 127 (4th Cir. 2006) (participation clause not implicated where plaintiff contemplated and partially filled out an EEOC charge).

However, this conclusion does not end the inquiry. While Fields' allegations may not be considered under the participation clause, they may be considered as her other allegations under the opposition clause. *See* Laughlin, 149 F.3d at 259 ("Because Laughlin's actions are not cognizable as participation, they must be oppositional or her case fails as a matter of law.") and Croushorn v. Board of Trustees of University of Tennessee, 518 F.Supp. 9, 24 (D.C. Tn. 1980) (the opposition clause "is often relied upon in cases in which application of the participation clause to employer's

conduct is considered dubious.").

The undersigned concludes that the allegations contained in paragraphs 16 and 17 of the Amended Complaint are sufficient at this stage to go forward under the opposition clause.

## Conclusion

Based on a review of the record and the above discussion, the undersigned recommends that Defendant's motion to dismiss be **denied**.

_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina

March 1, 2011

9